VAN NORTWICK, J.
In this workers’ compensation appeal, Goodwill Industries of Central Florida, Professional Business Owners Associations, and Everest National Insurance Company, (employer/carrier), challenge a worker’s compensation order awarding permanent total disability (PTD) benefits. Appellants argue the Judge of Compensation Claims (JCC) erred in finding that the positions offered to Dellean Heard, claimant and appellee, constituted sheltered employment. Because the JCC employed an incorrect legal standard, we reverse the award of PTD benefits and remand the cause for further proceedings. We do not disturb that part of the order which denies temporary partial or temporary total disability benefits.
Heard was injured in the scope and course of her employment at a Goodwill store when a bed headboard fell upon her on January 17, 2001. Heard fractured her right hip and injured her right knee; she required a partial hip replacement as a result of the injury. Heard was 68 years old at the time of injury and had worked for Goodwill since 1997. Following her injury, Heard did not return to work at Goodwill and did not seek other employment.
Heard sought permanent total disability benefits from the date of maximum medical improvement (MMI), temporary total or partial disability benefits from August 15, 2001 to the date of the hearing, and authorization of certain physicians and medical treatment. The employer/carrier had accepted the accident as compensable and had authorized medical procedures. The employer/carrier denied the PTD claim on the opinion of Mark W. Hollman, the orthopedist authorized at the request of the claimant, who opined that claimant reached MMI on Feb. 24, 2002, with a total impairment rating of 8%, and who further opined that claimant could work with restrictions against heavy lifting, prolonged standing, and so on.
The claim preceded to a hearing before the JCC who received evidence and argument regarding positions at Goodwill retail establishments, such as sorter and greeter, which could be modified to fit Heard’s restrictions. The JCC found such positions to be “sheltered” pursuant to the standard set forth in Shaw v. Publix Supermarkets, Inc., 609 So.2d 683 (Fla. 1st DCA 1992). The JCC further found that “Goodwill is in the business of providing light duty work for individuals for whom placement is difficult or impossible in the general labor market.”
This latter finding is amply supported by the testimony of the Area Retail Sales Director for Goodwill, who testified that it is the “business” of Goodwill to
provide services to individuals who come looking for employment or looking to gain job skills to become employable. More employable. We hire just people with disabilities and disadvantages and really our mission is to create revenue from donated goods to support programs to allow people to become more employable.
The Director further testified that among the disabled or disadvantaged persons hired by Goodwill are the elderly and persons with cognitive, psychiatric or physical disabilities. Given the nature of Goodwill’s workforce, many of its employees require accommodations or modification of work activities, added the Director.
A workers’ compensation claimant is not entitled to PTD benefits if she obtains “gainful employment” after a work-related injury. Shaw v. Publix Supermarkets, 609 So.2d at 684. However, an employer is not permitted to create a position for a claimant, that is, to provide *391 “sheltered employment,” for the sole purpose of defeating a PTD claim. Id. As we explained in Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259, 271 (Fla. 1st DCA 1996), the “sheltered employment doctrine does not have a life of its own” but instead exists “to vindicate the legislatively imposed parameters of permanent and total disability.” Thus, as we further explained in Liggon:
If an employer creates a job for an employee merely as a litigation tactic in a worker’s compensation case, such a job cannot be said to constitute “gainful employment” as that term is used in section 440.15(l)(b), Florida Statutes. Reasonable job modification for the purpose of accommodating an injured or partially disabled employee will not, however, place the job outside of the definition of gainful employment.
See also Cooper v. Escambia County School Bd., 734 So.2d 1072, 1073 (Fla. 1st DCA 1999)(“The modifications the employer made in the claimant’s job to accommodate her disability do not, as a matter of law, render it sheltered employment so as to place this job outside of ‘gainful employment’ under section 440.15(l)(b), Florida Statutes (1989).”).
The positions offered by Goodwill, greeter, cashier, and clothing sorter, are all established positions, and thus were not positions created solely for this claimant, as was the case in Shaw. As the record reflects, Goodwill routinely accommodates the special needs of employees. Thus, by making accommodations for the claimant in this case, Goodwill acted no differently towards her than it does towards other disabled employees who were not injured in the course of employment. Such facts distinguish the case at bar from Shaw. See Liggon, 668 So.2d at 271 (“Reasonable job modification for the purpose of accommodating an injured or partially disabled employee will not, however, place the job outside of the definition of gainful employment.”).
Accordingly, the award of PTD benefits is REVERSED, and the cause is REMANDED for entry of an order denying PTD benefits.
PADOVANO and HAWKES, JJ., concur.